### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | | |
|---|---|---|
| KERCHAI LeFLOR, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil No. 4:22-cv-00496-SRC |
| ASCENSION HEALTH ALLIANCE d/b/a ASCENSION and ASCENSION HEALTH d/b/a ASCENSION | ) ) ) ) | |
| Defendants. | ) | |

### DEFENDANTS' MOTION TO TRANSFER

Now Comes Defendants Ascension Health Alliance, d/b/a/ Ascension, and Ascension Health, d/b/a Ascension (collectively "Ascension"), by their attorneys and respectfully request this Court to transfer this case to the United States District Court for the Northern District of Florida, Pensacola Division, pursuant to the first-filed rule.  In support thereof, Ascension states as follows:

1.     On May 4, 2022, Plaintiff Kerchai LeFlor ("Plaintiff"), an employee who works for Ascension in the State of Michigan, filed this lawsuit.  (ECF No. 1 at ¶¶ 17-19).

2.     The gravamen of Plaintiff's claim against Ascension in this action arises from a December 2021 ransomware attack of the Kronos payroll system used by Ascension.  (Id. at ¶¶ 1-2, 59-61).

3.     Following the ransomware attack, Plaintiff claims that Ascension failed to pay for all hours worked as well as failed to pay overtime in violation of both the FLSA (Count I) and

the Michigan Workforce Opportunity Wage Act, Mich. Comp. Laws § 408.411, *et seq.* ("MWOWA") (Count II).[1]

4.     Plaintiff purports to bring a FLSA collective action claim in Count I on behalf of herself and "all current or former non-exempt employees of Ascension (including its subsidiaries and alter egos) who worked in the United States at any time since the onset of the Kronos ransomware attack, on or about December 11, 2021, to the present."  (Id. at ¶ 4).

5.     Plaintiff also asserts a Rule 23 class action claim in Count II pursuant to the MWOWA on behalf of both herself and "all current or former non-exempt employees of Ascension (including its subsidiaries and alter egos) who worked in Michigan at any time since the onset of the Kronos ransomware attack, on or about December11, 2021, to the present." (Id. at ¶ 22).

6.     On March 2, 2022, over two (2) months before Plaintiff filed this action, a FLSA collective action alleging the same substantive violations was filed against Ascension in the United States District Court for the Northern District of Florida.  *See Anstead v. Sacred Heart Health Systems, et al, 3:22-cv-02553-MCR-HTC ("Anstead")*.[2]

7.     In *Anstead*, the Plaintiff claims that Ascension violated the FLSA by failing to provide "timely minimum wage payments, overtime payments, or both from December 2021 to the present…"  (*See Anstead* Complaint, ¶¶ 20, 54-62).  The alleged failures arise from the same December 2021 ransomware attack on Kronos that serves as the factual basis for Plaintiff's claims in this case.  Id.

---

[1]  Ascension would point out that MWOWA was superseded and replaced in 2019 when the Michigan legislature enacted the Improved Workforce Opportunity Act, Mich. Comp. Laws, § 408.933, *et seq.*

[2]  A copy of the *Anstead* Complaint is filed by Ascension with this Court as Exhibit 1 to its Memorandum in Support of their Motion To Transfer.

8.      Anstead brings her FLSA claims on behalf of all "current and former non-exempt hourly employees jointly employed by Sacred Hearth Health System, Inc., Ascension Health, Inc., and Ascension Health Alliance, Inc., in the United States…" (*See Anstead* Complaint, ¶ 20).

9.      If the putative class in *Anstead* pending in the Northern District of Florida is conditionally certified, it would include all of the employees that are putative members of the FLSA collective action as well as the Michigan class action that is alleged by in this case.

10.     This case and the *Anstead* case are substantially similar both as to the parties and the legal claims.  For these reasons, this Court should exercise its discretion, consistent with the applicable legal authority addressed by Ascension in its Memorandum in Support, and transfer this case to the Northern District of Florida, Pensacola Division pursuant to the "first-filed rule." *United States Fire Ins. Co. v. Goodyear Tire and Rubber Co.*, 920 F.2d 487, 488-89 (8th Cir. 1990), *Keymer v. Management Recruiters Int'l, Inc.*, 169 F.3d 501, 503 (8th Cir. 1999), *Northwest Airlines, Inc. v. American Airlines Inc.*, 989 F.2d 1002 (8th Cir. 1993) and *Orthmann v. Apple River Campgrounds, Inc.*, 765 F.2d 119, 121 (8th Cir. 1985).

WHEREFORE, for the reasons set forth above along with the Memorandum in Support which is being filed contemporaneously with this Motion to Transfer, Defendants Ascension Health Alliance, d/b/a/ Ascension, and Ascension Health, d/b/a Ascension, respectfully request this Court grant this Motion to Transfer in its entirety and to transfer this case to the United States District Court for the Northern District of Florida, Pensacola Division.

Respectfully submitted,

JACKSON LEWIS P.C.

*/s/ Thomas E. Berry, Jr.*
Thomas E. Berry, Jr. #38433MO
222 S. Central Avenue, Suite 900
St. Louis, MO 63105
Tel: (314) 827-3939
Fax: (314) 827-3940
tom.berry@jacksonlewis.com

and

James F. Bennett, # 46826
Philip A. Cantwell, # 65505
DOWD BENNETT LLP
7733 Forsyth Blvd., Suite 1900
St. Louis, Missouri 63105
(314) 889-7300 (telephone)
(314) 863-2111 (facsimile)
jbennett@dowdbennett.com
pcantwell@dowdbennett.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of July, 2022, I filed the foregoing via the Court's

CM/ECF system, effecting service upon all counsel of record.

/s/ Thomas E. Berry, Jr.

4854-9099-2935, v. 1